UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH BUCKMAN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-11413-IT |
| | * | |
| GARY RODEN, | * | |
| | * | |
| Respondent. | * | |

ORDER

May 28, 2015

TALWANI, D.J.

Before the court is Petitioner's Motion to Reconsider Memorandum and Order Dismissing Petition [Document 55] [#59]. In the motion, Petitioner makes two principal arguments in support of his request for the court to reconsider its Memorandum and Order [#55] dismissing Petitioner's petition for a writ of habeas corpus. First, with respect to his claim based on his Sixth Amendment right to present a full defense (in this case, to present evidence of a third-party culprit), Petitioner argues that the court erred in applying deference to the decision of the Massachusetts Supreme Judicial Court ("SJC") under 28 U.S.C. § 2254(d).

In the Memorandum and Order [#55], the court found that the SJC had erred in finding that the trial judge had left the issue of third-party culprit evidence open where he allowed the Commonwealth's motion in limine to preclude such evidence prior to jury selection. The court, nevertheless, found that the SJC's decision denying Petitioner's claim "was independently based on its finding that Petitioner had failed to make the appropriate showing to admit such evidence under Massachusetts law." Memorandum and Order 10 [#55]. Petitioner contends that the court's characterization of the SJC's decision was inaccurate because the SJC based its finding

on the evidence that Petitioner had introduced at the close of its case, the quantum of which had been affected by the trial judge's initial ruling excluding third-party culprit evidence.

In its decision, however, the SJC analyzed Petitioner's offers of proof with respect to evidence of three potential third-party culprits. See Commonwealth v. Buckman, 957 N.E.2d 1089, 1096 (Mass. 2011) (stating that "[p]rior to trial, the Commonwealth moved to preclude the defendant from offering third-party culprit evidence" and that "[t]he defendant made an offer of proof regarding at least three potential third-party culprits"). For each alleged third-party culprit, the SJC laid out and analyzed the evidence that had been "offered" by Petitioner. See id. at 1097. As to the third party-culprit evidence related to John Loder, the SJC described the evidence that defense counsel expected to introduce regarding Loder. Id. at 1097 (listing six items identified by Petitioner's counsel in opposition to the Commonwealth's motion in limine). The SJC then stated that "[t]he trial judge correctly noted at the close of the evidence that the defendant failed <u>to offer evidence</u> that tended to show a third person had killed his wife" and that "as to Loder, there was no evidence that he had motive or intent to commit the crime." Id. (emphasis added). In other words, the SJC considered <u>both</u> the evidence proffered in opposing the motion in limine and the evidence offered at trial and still found that Petitioner failed to offer evidence of motive or intent sufficient to allow a third-party culprit defense..

Second, with respect to Petitioner's Fourteenth Amendment due process claim, Petitioner argues that the court erred in considering the decision of the SJC when conducting <u>de novo</u> review. Although the court stated that it had found no error in the SJC's decision, it then proceeded to review the claim <u>de novo</u>, concluding that "[i]n the instant circumstances, the court does not find that false or misleading evidence was presented to the jury or that Petitioner's conviction was obtained through either the knowing use or presentation of false testimony or

knowing creation of a false impression to the jury." Memorandum and Order 18 [#55].

For the foregoing reasons, Petitioner's Motion to Reconsider Memorandum and Order Dismissing Petition [Document 55] [#59] is hereby DENIED.

IT IS SO ORDERED.

Date: May 28, 2015                                            /s/ Indira Talwani
                                                              United States District Judge